**338**

UNITED STATES of America

v.

Victoriano MOLINA–CHACON, Gaetano Giuffrida, Trinitario Ruiz-Saura, Theresa Ruiz, Anthony C. Castelbuono, Melania Lopez, Rudolfo Risatti, Francis DiTommaso, Salvatore Messina, and Sheila Silvetti, Defendants.

No. 85 CR 168(3).

United States District Court, E.D. New York.

Dec. 3, 1985.

Raymond J. Dearie, U.S. Atty., Brooklyn, N.Y. by Carol B. Amon, Carol B. Schachner, George B. Daniels, Asst. U.S. Attys., for Government.

Ivan S. Fisher, New York City, for defendant Castelbuono.

Bennett L. Gershman, New York City, for defendant DiTommaso.

Steven M. Del Vecchio, Garden City, N.Y., for defendant Messina.

Philip Katowitz, Brooklyn, N.Y., for defendant Silvetti.

Philip Brown, Brooklyn, N.Y., for defendant Risotti.

Marion Seltzer, New York City, for defendant Lopez.

## MEMORANDUM AND ORDER

PLATT, District Judge.

The government has moved for an adjournment of the trial date of December 2, 1985, fixed by the Court on June 28, 1985, as a firm date in compliance with the request of the defendant Molina-Chacon (Molina) for as expeditious a trial as possible given the then-anticipated necessary pre-trial work in this case and the commitments of counsel to other cases, particularly the commitment of Ivan Fisher, Esq., attorney for defendant Castelbuono, to the so-called "pizza connection" case currently on trial in the Southern District of New York before Judge Pierre Laval.

Prior to fixing of, and on, said date the government had moved for, and the Court had made, findings that the case qualified as a "complex" case under 18 U.S.C. § 3161(h)(8)(B)(ii) (a subdivision of the so-called Speedy Trial Act), which suspended the time requirements of such Act so as to enable all counsel to prepare for trial in this multi-defendant, international, drug smuggling and money laundering case [1] involving literally hundreds of reels of tapes

---

1. The present (*i.e.,* third superseding) indictment herein (which was filed on September 11,

in Spanish, English and Italian and other exhibits and witnesses located in Switzerland, Italy, Spain, Bermuda, Canada and various parts of this country and elsewhere.

With the exception of the defendant Molina, who has for some time now been asking for an immediate trial, there were no objections to the findings made by the Court in this respect.

Defendant Molina, who has been detained without bail since his arrest in March of this year, has made two motions to dismiss the indictment against him for failure to give him a speedy trial and to be released from custody pursuant to 18 U.S.C. § 3164, the first of which was predicated upon the Speedy Trial Act (the "Act") prior to the amendments made thereto in 1979 and then withdrawn and the second of which was served and filed on October 7, 1985 and was returnable on October 11, 1985.

On October 17, 1985, the government served and filed a memorandum of law in opposition to such motion. In connection with this second motion the government called the attention of counsel and the Court to 18 U.S.C. § 3161(h)(9), which it suggested should afford additional grounds to claim suspension of the time limits prescribed by the Act because it had been and still was required in this case to obtain testimony of foreign witnesses in foreign countries for use at the trial.

The government has argued since June of this year that "no time has expired on defendant Molina's speedy trial clock, because the speedy trial calculations applicable to co-defendant Messina govern, and the period of delay is a reasonable one." Government's Memorandum dated September 23, 1985 at 3.

The government points out that, while Mr. Molina was indicted on March 20, 1985 after first appearing before a federal magistrate on March 12, 1985, his counsel first requested time to serve and file pretrial motions on April 1, 1985, which suspended the time prescriptions of the Act pursuant to 18 U.S.C. § 3161(h)(1)(F). Thus, even if the case were proceeding against Mr. Molina alone, only ten days would have run on his speedy trial clock. However, his co-defendant Messina did not appear for arraignment on the original indictment herein until May 9, 1985, which means that the speedy trial clock as to Molina and all of the other then-named co-defendants did not commence to run until this latter date (18 U.S.C. § 3161(h)(7)), by which time the speedy trial clock had already been suspended by reason of the requests for and later filing of pretrial motions by Molina and various other co-defendants.

This part of the problem has been arguably further complicated by reason of the then pregnancy of the most recently added and arraigned (on September 30, 1985) defendant, Ms. Sheila Silvetti, who made her first motions in this unusual and complex case on November 25, 1985. Said defendant had then (i.e., in September) just given birth to a daughter fathered by co-defendant Castelbuono. The government forewent seeking an indictment against defendant Silvetti along with the remaining defendants last spring at the special instance and request of the defendant Castelbuono.

At a pretrial hearing at the end of June, the Court discussed with counsel the earliest date and the needed times for evidentiary hearings necessitated by the many pretrial motions which had been made and it was agreed by counsel for Castelbuono and Molina that the former's *Kastigar* [2] and suppression hearings would be conducted

---

1985 and merely added the defendant Sheila Silvetti and the charge against her) contains generally charges against various of the defendants of conspiracy to import heroin from 1982 to March 5, 1985 (Count I), and of conspiracy to "launder" and illegally export money aggregating millions of dollars from 1981 to March 5, 1985 (Count II), and substantive counts of failing to file currency transaction reports and il-

legally exporting millions of dollars of money. The original indictment, which was filed on March 20, 1985, contains essentially the same allegations.

**2.** *Kastigar v. United States,* 406 U.S. 441, 92 S.Ct. 1653, 32 L.Ed.2d 212 (1972).

and completed between August 27th and September 4th and that the latter's doctrine of specialty and suppression hearings would be conducted and completed between September 9th and 13th.

Mis-estimates of time requirements by attorneys are not an uncommon occurrence, but rarely on the scale or magnitude that occurred in this case. Notwithstanding daily[3] in-court sessions (with a two and one-half week recess for necessary out-of-country and out-of-State testimony and investigations in October) the *Kastigar* and suppression hearings, which were commenced on August 27th, were not completed until November 7th, and the doctrine of specialty hearings, which were adjourned until November 18th, were not completed until Thursday, November 21st.

In September, during the course of the *Kastigar* hearings, it became quite clear to the Court that this case required more than one person to prepare and prosecute the same if there were to be any chance of meeting the December 2nd date, and the Court orally advised Ms. Schachner to request additional assistance from her superiors. Apparently this request was granted at that time, at least to the extent that some assistance was provided to Ms. Schachner 'with respect to the research and briefing of the issues which were emerging in the Castelbuono *Kastigar* hearings.

Aware in mid-September of the fact that it was sitting on a number of motions until the facts of the case were at least partly disclosed in the course of the *Kastigar* hearings, the Court, before the October recess, called for oral argument on the recusal and severance motions made by Steven M. Del Vecchio, Esq., counsel for defendant Messina, for a severance or to remove Lawrence S. Goldman, Esq., counsel for defendant DiTommaso, because of Mr. Goldman's prior representation of Mr.

Messina on another narcotics charge and trial before the undersigned in the early 1980's and of his motion for a severance from Mr. Castelbuono's trial on the ground that the latter had formerly represented Mr. Messina in civil matters,[4] had testified at Mr. Messina's prior criminal trial and had obtained Mr. Goldman to represent Mr. Messina at such earlier trial.

Over the vigorous protests of Mr. Goldman, the Court directed him to withdraw and instructed Mr. DiTommaso to obtain new counsel forthwith so as to be ready to proceed to trial on December 2nd. New counsel (Bennett Gershman, Esq.) did not file a notice of appearance until November 18, 1985, and on November 21, 1985, he moved for an adjournment of the December 2nd trial date on the ground that there were literally thousands of pages of court, tape and reel transcripts which had to be read and hundreds of exhibits which had to be examined, and the same could not physically be done in the ten days left before December 2nd. Mr. Gershman's motion for a continuance for all practical purposes coincided with the government's motion, except that he merely asked for a couple of weeks, whereas the government sought an adjournment until at least January 20, 1986. On this same date, *i.e.*, November 21, 1985, Carol Schachner, Esq., who had been representing the government in this matter since the original indictment had been returned by the grand jury last spring, stated that the government needed additional time to bring two additional Assistants up to date so that they might assist her at the trial and for additional time to brief the doctrine of specialty and suppression questions presented in the evidentiary hearings which concluded on that date.

At the conclusion of the *Kastigar* evidentiary hearings in mid-November, when the

---

3. Some sessions were half-day sessions to accommodate Mr. Fisher's prior commitment to try a criminal case before Judge Bramwell, but this Court sat on these hearings on Columbus Day and Election Day and assigned other criminal cases to other Judges to be at the disposal of counsel in this case.

4. Defendant Castelbuono is a practicing attorney who, according to the testimony, is a graduate of the Harvard Law School and is admitted to practice in New York.

Court attempted to set up a briefing schedule and an abbreviated period of time for its decision prior to December 2nd, the government and counsel for defendant Castelbuono, in a surprise move, jointly moved for a severance of his case, apparently for the reason that the factual and legal issues in the *Kastigar* hearing were so unusual and complex and the record and exhibits so voluminous that it was impossible adequately to brief the problems in a short period of time. Not anticipating what has now recently occurred, and mindful of the fact that the Court had forced Mr. Castelbuono to retain an additional attorney to try his case in view of Mr. Fisher's commitment to the so-called "pizza connection" case, the Court with considerable reluctance agreed to such severance, thereby setting up two lengthy trials involving many of the same facts and issues. Following this unexpected move, the Court commenced on November 18th Mr. Molina's doctrine of specialty and suppression evidentiary hearings (originally scheduled to have commenced on September 9th). These hearings, as noted above, came to a conclusion on Thursday, November 21st, at which point the government made its present motion for an adjournment of the commencement of the trial as to all defendants except Castelbuono from December 2, 1985, to January 20, 1986.

After hearing arguments from various counsel and the pleas of Mr. Gershman for even a short adjournment, the Court felt that the case had not yet been made for a continuance beyond the December 2nd date in view of Mr. Molina's detention since March of this year and his insistence on an adherence to the December date for the commencement of his trial. Hence it denied the motions.

On the evening of the 21st, the government, through the Chief of the Criminal Division of the U.S. Attorney's Office, orally requested reargument on November 22nd at 2:00 p.m. of its motion for an adjournment. At that time the government argued that it was entitled to the adjournment not only because the case was unusual and complex and because no time had as yet run on any of the defendants' speedy trial clocks, but also because

(1) Carol Schachner, Esq., had been removed from the trial of the case because of health reasons;

(2) Ms. Schachner, since June 1985, in a super-human effort to meet the December 2nd deadline, had been working seven days a week for unimaginable hours during each day;

(3) for obvious physical reasons Ms. Schachner could not continue this pace for the time required to prepare and try this not insubstantial case; and

(4) notwithstanding Mr. Molina's counsel's advice and this Court's direction during last summer and fall that the government provide additional assistance to Ms. Schachner, the government had not been in a position to do more than to provide such additional assistance with respect to the research and briefing of the Castelbuono *Kastigar* legal issues, as heretofore noted.

Finally, the government attorney pointed out to the Court that the new Assistants who were being assigned to the case would not be in a position to properly present the case to a jury before January 20, 1986, given the voluminous nature of the testimony and exhibits which were necessarily involved herein.

Knowing the Second Circuit's preference for evidentiary hearings conducted by district courts on all possible factual issues, this Court suggested that it hold such a hearing on Ms. Schachner's physical ability to continue with the preparation for and trial of this case. Defense counsel, however, disclaimed any interest in any such hearing and acknowledged the *bona fides* of the representations of the government as to Ms. Schachner's condition.

At that juncture, the question then seemed to be whether the Court should commence the trial (i) on December 2nd, (ii)

on January 20th, (iii) on February 10th,[5] (iv) on a date immediately following the resolution of the Castelbuono *Kastigar* hearing issues, or (v) on a date immediately following Mr. Fisher's involvement in the trial of the "pizza connection" case.

The Court adjourned the hearing on November 22nd to Monday morning, November 25, and at the outset of said hearing the government renewed its motion.

The Court then raised the question of whether commencing the trial on February 10th without any subsequent recesses rather than on January 20th with a possible one-week recess in the first week of February was of any material consequence to counsel. It appeared to be the consensus of all counsel (including counsel for Mr. Molina) that this was not a matter of any consequence; the important consideration to Mr. Molina and his lawyer was the adherence of all parties to the fixed trial date of December 2nd and not whether the trial commenced on January 20 or February 10, 1986.

The ultimate question thus now appears to be whether the trial should commence on December 2nd, on February 10th, or at some date thereafter which would enable the Court to reconsolidate the Castelbuono case with the remaining defendants' case for trial.

If this Court grants an adjournment to February 10th or to a later date when the two severed cases may be reunited and tried together, a corollary to this question is whether the Court must dismiss the indictment against the defendant Molina or release said defendant Molina from custody under 18 U.S.C. § 3164 of the Act or whether the case or cases are sufficiently complex, unusual and protracted as to warrant further suspension of the time limits contained in the Act until both cases may be tried together.

As to the first part of the question, the Court agrees with the government that no time has yet been recorded on Molina's speedy trial clock; such time not having started to run until Messina's arraignment and having been immediately suspended from that date to this by reason of the defendants' pretrial motions, including Molina's, which will not be concluded until (at least) the filing of all briefs on December 10th (on his motion) or 20th (on Silvetti's motion), 1985 and the thirty-day decision period to follow. This means that Molina's speedy trial clock will not commence to run until January 9th or 19th, 1986 and will not expire until 40 days later, *i.e.*, February 18th or 28th, 1986 at the earliest. This calculation does not give any specific additional period of time for the preparation of the case for trial by reason of its complexity. Under this view of the facts Molina's motion for release (and/or possibly for dismissal) for alleged failure to give him a speedy trial must, therefore, fail since it is premature at this juncture.

Moreover, under the Second Circuit's Speedy Trial Guidelines, the government is entitled to a suspension of the clock by reason of Ms. Schachner's unfortunate health condition. In the Court's opinion the additional seven weeks [6] requested by the government under this exception for the purpose of enabling new Assistants to prepare for trial is a very modest request. Indeed, the Court believes the new Assistants will be hard pressed to meet the alternative February 10th date suggested by the Court. Defense counsel have argued that it would have taken Mr. Gershman just as long to prepare as it would new Assistant U.S. Attorneys and that on November 21st the Court indicated it would not grant more time to him. This argument, of course, is predicated in large part upon the volume of transcripts that have to be read by both sets of attorneys but completely ignores all the witness re-inter-

---

5. A date suggested as a preferred date because a starting date of January 20th might include a recess between February 1st and 9th.

6. If Mr. Molina's speedy trial clock is tolled for this period until January 20, 1986, under the Guidelines, then the time for the commencement of the trial would properly be extended to March 1st, 1986.

views, the cross-referencing of hundreds of exhibits to particular witnesses, the organization of exhibits, files, and other materials, the subpoenaing and scheduling of all witnesses, etc., all of which rests on the shoulders of the government, which has the burden of proof beyond a reasonable doubt. In all probability no part of any such burden will fall on Mr. Gershman's shoulders until several weeks after the trial has commenced and then only (if at all) a burden on a relatively minor scale. In short there is no comparison between the work to be done and this argument is without merit.

Under the circumstances the government's motion for an adjournment of the trial date must be granted and the defendant Molina's motions for dismissal and for release must be denied. This case is accordingly set down for trial on February 10, 1986 at 9:30 a.m.

At 3:00 p.m. on November 27th the Court held yet another pretrial conference after having invited all counsel on the 26th to attend and participate in a discussion as to whether the Castelbuono case should not now be reunited with the Molina, *et al.*, cases. At that conference government attorneys requested and the Court granted additional time until 4:00 p.m. on Tuesday, December 17th, for its new Assistants to become sufficiently educated in the case to discuss all the issues raised by this question intelligently. Accordingly, the Court will reserve further consideration of this question until that date.[7]

SO ORDERED.

---

**7.** In all likelihood the date for a trial of any such reconsolidated case would be subsequent to February 10th, *i.e.*, in March, April or the first part of May. Notwithstanding Mr. Molina's protestation to the contrary, it would save substantial court, judicial and prosecutorial resources and is a highly desirable result if it can be achieved without a release of the defendant Molina and/or the dismissal of the indictment against any or all of the defendants.